IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 5, 2018 Session

## STATE OF TENNESSEE v. CARL ALLEN aka ARTIE PERKINS

**Appeal from the Criminal Court for Shelby County**
**Nos. 10-07241, 11-01048   Paula L. Skahan, Judge**

_____

### No. W2017-01118-CCA-R3-CD

_____

The Appellant, Carl Allen, appeals the Shelby County Criminal Court's granting a motion filed by the Tennessee Bureau of Investigation (TBI) to intervene in this case and the court's vacating a portion of a previous order in which the court determined that the Appellant was required to register as a sexual offender as opposed to a violent sexual offender in the TBI's sexual offender registry (SOR).  Based upon the oral arguments, the record, and the parties' briefs, we conclude that the appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, JR., JJ., joined.

Monica A. Timmerman, Bartlett, Tennessee, for the appellant, Carl Allen.

Herbert H. Slatery III, Attorney General and Reporter; Dianna Baker Shew, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In order to set out the procedural history for this case, we have gleaned the following facts from the scant record before us and the record from a previous appeal related to this case of which we take judicial notice:  On February 15, 1995, the Appellant entered an <u>Alford</u> plea in Florida to sexual battery and received a ten-year sentence as a habitual felony offender.  During the Appellant's plea hearing, the State of Florida gave the following factual account of the crime:  In the early morning hours of November 9, 1994, the Appellant entered an Oldsmar, Florida nursing home through a window; lifted

an eighty-four-year-old resident's nightgown; and "did commit the crime of sexual battery against her by digitally touching her vaginal area with his fingers." After being released from confinement in Florida, the Appellant moved to Tennessee. In 2001, he properly registered with TBI's SOR.

In 2004, the Tennessee Legislature passed the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act. The Act divided sexual offenders into two categories: sexual offenders and violent sexual offenders. Sexual offenders are required to report to their designated law enforcement agency in person one time per year, whereas violent sexual offenders are required to report in person in March, June, September, and December of each year. See Tenn. Code. Ann. § 40-39-204(b)(1), (c). Moreover, sexual offenders may file a request with the TBI for removal from the registry ten years after the offender's sentence in completed, whereas violent sexual offenders must comply with the registration requirements for life. See Tenn. Code. Ann. § 40-39-207(a)(1), (g)(1)(B). The TBI determines the classification of offenders convicted of sexual offenses in other jurisdictions. See David Livingston v. State, No. M2009-01900-CO-AR3-CV, 2010 WL 3928634, at *1, 3 (Tenn. Ct. App. Oct. 6, 2010). The TBI originally classified the Appellant as a sexual offender. However, in January 2009, the TBI reclassified him as a violent sexual offender. According to the TBI, a registering agency updated the Appellant's address in July 2010 and "for unknown reasons changed his classification [back] to sexual."

On November 18, 2010, the Shelby County Grand Jury filed indictment number 10-07421, charging the Appellant with violating Tennessee Code Annotated section 40-39-208 of the Act. Specifically, the indictment alleged that the Appellant

> did unlawfully and knowingly fail to report in person at least once during the month of June, 2009 to the designated law enforcement agency to update such offender's fingerprints, palm prints and photograph and to verify the continued accuracy of the information in the TBI registration form, the said [Appellant] having a conviction for Sexual Battery/Physical Helpless to Resist[.]

On February 24, 2011, the Shelby County Grand Jury filed indictment number 11-01048, charging the Appellant with another count of violating Tennessee Code Annotated section 40-39-208 and alleging that the Appellant "between July 1, 2010 and July 7, 2010 . . . fail[ed] to timely report to the designated law enforcement agency, upon release after incarceration[.]"

- 2 -

The Appellant filed a motion to dismiss the indictments. On October 31, 2011, the trial court entered an order denying the motion and upholding the TBI's 2009 classification of the Appellant as a violent sexual offender. The trial court found that the Appellant's prior conviction of sexual battery in Florida was analogous to the offense of rape in Tennessee.[1] Subsequently, the trial court received a transcript of the Appellant's February 15, 1995 plea hearing. On February 3, 2012, the trial court entered an amended order, ruling that

> [b]ecause the stipulated facts to which Defendant entered a plea of [nolo contendere] in Florida do not amount to a violent sexual offense in Tennessee, the previous order is amended to reflect the Court's determination that the Defendant is required to register as a sex offender, but not as a violent sex offender.

That same day, the trial court entered judgment forms in case numbers 10-07421 and 11-01048. The box for "Dismissed/Nolle Prosequi" was checked on the forms. The State did not appeal the trial court's amended order or the dismissal of the indictments.

In April 2014, the Appellant submitted a request to the TBI that he be terminated from the SOR. In reviewing his request, the TBI noticed that he had been misclassified as a sexual offender since July 2010 and changed his classification back to violent. The TBI notified the Appellant by letter on April 14, 2014, that he was not eligible for removal from the registry because he had been convicted of a violent sexual offense. The Appellant appealed the TBI's denial of his request to the Shelby County Chancery Court. At that point, the TBI learned about the trial court's dismissal of the indictments in case numbers 10-07421 and 11-01048.

On December 1, 2014, the TBI filed a motion titled "Tenn. R. Civ. P. 24.01 Application to Intervene as a Matter of Right, Rule 60.02 Motion for Relief from and Rule 62.07 Motion to Stay Enforcement of the Court's Final Order Changing Defendant's Status of the Sexual Offender Registry from 'Violent Sexual Offender' to 'Sexual Offender' and Memorandum of Law." In the motion, the TBI argued that the trial court lacked jurisdiction to alter the Appellant's classification from violent sexual offender to sexual offender because the TBI "makes the determination of a sex offender's status and eligibility for classification change or removal from the registry, which can

---

[1] Florida Statutes Annotated section 794.011 defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." Tennessee Code Annotated section 39-13-503(a), the statute for rape, requires "unlawful sexual penetration of a victim by the defendant or of the defendant by a victim."

only be appealed to chancery court." The motion was filed under indictment numbers 10-07241 and 11-01048 and was filed by an assistant attorney general.

On January 5, 2015, the trial court entered an order vacating its February 2012 order. In the new order, the trial court reclassified the Appellant as a violent sexual offender. The Appellant appealed the trial court's ruling to this court, and this court held that before the trial court ruled on the TBI's motion, the trial court should have appointed counsel for the Appellant, allowed the Appellant to file a response through counsel, and held a hearing on the motion.[2] This court remanded the case to the trial court for the appointment of counsel and a hearing. Appointed counsel filed a response to the TBI's motion, arguing that the TBI did not have standing to intervene as a third party in a criminal matter. Counsel also argued that because the State failed to appeal the trial court's February 2012 order, the February 3, 2012 judgments dismissing the charges became final thirty days later on March 6, 2012. Therefore, the trial court lost jurisdiction to alter or amend the judgments on that date.

At the April 5, 2017 hearing on the TBI's motion, the assistant attorney general advised the trial court that the Shelby County Chancery Court held a hearing on the TBI's denial of the Appellant's request to be removed from the SOR, that the Appellant provided the chancery court with a copy of the trial court's February 2012 order, and that the chancery court "read your order to be directing the TBI to classify [the Appellant] as a sexual offender." The assistant attorney general further advised the trial court that "the chancellor did not want to make any moves contrary to Your Honor's order which is why we ended up back here."

The assistant attorney general argued that the TBI had standing to intervene in this case because the trial court exercised civil jurisdiction in the portion of its ruling that ordered the TBI to change the Appellant's classification from violent sexual offender to sexual offender. She stated that the TBI did not appeal the trial court's dismissal of the indictments or the February 2012 order changing the Appellant's classification because "[the] TBI was not a named party to the motion [to dismiss the indictments], was not notified, and had no actual notice of the motion or of the Court's decision." She contended that the TBI was the "affected party" in that the trial court's order put the TBI in the difficult position of having to administer the SOR properly or risk being held in

---

[2] In finding the appointment of counsel necessary, this court explained as follows:

The Appellant was no longer represented by counsel when the TBI filed its motion to intervene as his charges had been dismissed for almost two years. However, the TBI sought to intervene in a case where the Appellant had been represented by counsel and sought to set aside a trial court's order based upon a motion filed by the Appellant through counsel.

- 4 -

contempt of the trial court's order to change the Appellant's classification from violent sexual offender to sexual offender. The assistant attorney general noted that "if there were no case or controversy, the Court of Criminal Appeals would have not ordered Your Honor to hear us on this matter today." Defense counsel claimed that the trial court had jurisdiction to dismiss the indictments in February 2012, that the February 2012 judgments had become final, and that the TBI should not be allowed to intervene in a criminal matter. Defense counsel noted that the trial court's February 2012 order did not order the TBI to change the Appellant's classification from violent sexual offender to sexual offender.

The trial court granted the TBI's motion to intervene. According to the trial court's order granting the motion, "This Court, in an order dated February [3], 2012, granted the [Appellant's] motions to dismiss and ordered the TBI to classify [the Appellant] as a sexual offender rather than a violent sexual offender." The court held that it lacked jurisdiction to order the TBI to change the Appellant's classification; that the TBI had jurisdiction to intervene because the trial court exercised civil jurisdiction when it ruled on the administration of the SOR, which was within the sole province of the TBI; and that the portion of its February 2012 order that ordered the TBI to change the Appellant's classification was void for lack of jurisdiction. The trial court vacated the portion of its February 2012 order that ordered the TBI to change the Appellant's classification from violent sexual offender to sexual offender.

## II. Analysis

The Appellant contends that the trial court erred by granting the TBI's motion to intervene because the TBI did not have standing to intervene as a third party in a criminal matter and that, in any event, "contrary to the TBI's position, the trial court's [February 2012] order did not issue any mandate or otherwise order the TBI to do anything related to the Appellant's classification." The Appellant asserts that either the State should have appealed the trial court's February 2012 order or the TBI should have argued to the chancery court that the chancery court was not bound by the trial court's February 2012 order. The Appellant claims that because the State did not appeal the February 2012 order, the trial court lost jurisdiction to alter or amend the order thirty days after its date of entry. The State argues that we must dismiss the appeal because the Appellant does not have an appeal as of right. We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) (2018) provides as follows:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of

Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Tennessee Rules of Criminal Procedure 32(f).

As noted by the State, an appeal of the granting of a motion to intervene and vacate a provision of an order for which the trial court lacked jurisdiction is not one of the enumerated actions from which a defendant may appeal as of right under Rule 3(b). The trial court's most recent order did not mention the February 2012 judgments, which became final thirty days after entry, and the State did not request that the trial court reinstate the indictments. Therefore, we agree with the State that there is no longer any criminal case to review.

Moreover, the Appellant may still challenge his classification as a violent sexual offender in the SOR by filing a request with the TBI that he be terminated from the registry pursuant to Tennessee Code Annotated section 40-39-207(a)(1). In the event the TBI denies his request, he can petition the Shelby County Chancery Court for review of the decision pursuant to Tennessee Code Annotated section 40-39-207(g).

### Conclusion

Based upon the oral arguments, the record, and the parties' briefs, the Appellant's appeal is dismissed.

_____
NORMA MCGEE OGLE, JUDGE